**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn in on May 11, 2006**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case Number:** |
| | : | |
| | : | **Grand Jury Original** |
| | : | |
| | : | **Violations:** |
| | : | |
| | : | **18 U.S.C. § 371** |
| | : | **(Conspiracy)** |
| | : | |
| **v.** | : | **18 U.S.C. § 1029(a)(2)** |
| | : | **(Access Device Fraud)** |
| | : | |
| | : | **22 D.C. Code §§ 3211, 3212(a)(1)** |
| | : | **(First Degree Theft)** |
| | : | |
| | : | **22 D.C. Code §§ 3241(b), 3242(c)** |
| | : | **(Uttering a Forged Instrument)** |
| | : | |
| **DANIEL C. SANTINI,** | : | **22 D.C. Code § 3252** |
| **Defendant** | : | **(Blackmail)** |

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy**

At all times relevant to this Indictment:

1. Defendant DANIEL C. SANTINI ("SANTINI") was a home health-care worker.

2. Aditya Reddy ("Reddy") was a masseur and defendant SANTINI's friend. Reddy and SANTINI met in January 2003, when SANTINI answered an advertisement that Reddy had placed in a newspaper for massage services.

3. S.W. lived at 4200 Massachusetts Avenue, N.W., Apartment 605, in Washington, D.C.

In November 2002, S.W. suffered a stroke, and was hospitalized.  S.W. was released from the hospital on or about December 19, 2002, and returned home.

4.  Following his stroke, S.W. employed SANTINI as a home health-care provider.  On or about December 19, 2002, SANTINI moved in to S.W.'s home and began work.

5.  On or about February 2, 2003, S.W. fell, broke his hip, and was hospitalized at the Washington Hospital Center, in Washington, D.C.  S.W.'s condition deteriorated, and he never returned home.  On or about February 14, 2003, S.W. was placed on life support.  On or about February 19, 2003, S.W. died.

6.  SANTINI continued to live in S.W.'s apartment in February and March 2003, and did not leave until April 2003.

7.  S.W. maintained a Schwab One money market account ("Schwab One account") that had check-writing privileges.  S.W. also had a Bank One VISA credit card account and an accompanying credit card ("VISA card").  SANTINI had control over S.W.'s Schwab One checks and S.W.'s VISA card during February and March 2003.

## The Conspiracy

8.  In or about February and March 2003, in the District of Columbia and elsewhere, defendant DANIEL C. SANTINI did unlawfully and knowingly combine, conspire, confederate, and agree together and with Aditya Reddy to commit an offense against the United States, namely, to commit the offense of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), that is, in a manner affecting interstate and foreign commerce, to knowingly and with intent to defraud, traffic in and use one or more unauthorized access devices, namely, S.W.'s Bank One VISA credit card, during any one-year period, and by such conduct obtain anything of value aggregating to $1,000

or more during said one-year period.

## The Goal of the Conspiracy

9.  The goal of the conspiracy was for SANTINI and Reddy to defraud and steal from S.W. and S.W.'s Estate by using S.W.'s VISA card number to purchase goods for Reddy, knowing that neither SANTINI nor Reddy had received permission from S.W. or S.W.'s Estate.

## Overt Acts

10.  Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendant DANIEL C. SANTINI and Aditya Reddy committed the following overt acts, among others:

A) In or about February 2003, SANTINI provided Reddy with a duplicate copy of S.W.'s VISA card.

B) In or about February 2003, SANTINI authorized Reddy to use S.W. VISA's card number to purchase personal items for Reddy.

C) On or about February 19, 2003, Reddy used S.W.'s VISA card to pay $907.20 for a membership for Reddy to Results Gym, in Washington, D.C.

D) On or about February 21, 2003, Reddy used S.W.'s VISA card to pay $2,042 to Progressive Insurance for Reddy's automobile insurance.

E) On or about February 22, 2003, SANTINI caused S.W.'s VISA card to be used to order over $3,500 of equipment, including two computers, from Dell Computers, and to have the equipment shipped to S.W.'s apartment.

F) On or about February 22, 2003, SANTINI told Reddy that Reddy could keep one of the two Dell Computers.

G) In or about late February 2003, when the above-described Dell Computer equipment arrived at S.W.'s apartment, Reddy took possession of one of the computers.

H) On or about March 17, 2003, Reddy used S.W.'s VISA card to pay $2,222.70 to Firestone for repairs to Reddy's automobile.

**(Conspiracy, in violation of 18 U.S.C. § 371)**

## COUNT 2
### Access Device Fraud

11.     Paragraphs 1-7 and 10 of this Indictment are incorporated by reference as if set out in full.

12.     As set forth more fully in Paragraphs 10(E)-10(G) of this Indictment, in or about February 2003, SANTINI defrauded and stole from S.W. and S.W.'s Estate by causing S.W.'s VISA card to be used to purchase computer equipment from Dell Computers for himself and for Reddy, while knowing that neither S.W. nor S.W.'s Estate had given SANTINI permission to makes these purchases.

13.     Of the two Dell computers that arrived at S.W.'s home, per SANTINI's instructions, Reddy kept one and SANTINI kept the other.   The value of each computer exceeded $1,000.  The computers were shipped from a location outside Washington, D.C.

14.     In or about February 2003, in the District of Columbia and elsewhere, in a manner affecting interstate and foreign commerce and as set forth above, defendant DANIEL C. SANTINI did knowingly and with intent to defraud traffic in and use an unauthorized access device during a one-year period and by such conduct obtain things of value aggregating to $1,000 or more, namely Dell computer equipment, during said one-year period.

**(Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2))**

## COUNT 3
### First Degree Theft

15. Paragraphs 1-7 of this Indictment are incorporated by reference as if set out in full.

16. In or about February 2003, SANTINI caused several checks from S.W.'s Schwab One account, to be drafted and to be made payable to SANTINI. As SANTINI then well knew, S.W. neither wrote these checks nor otherwise authorized them. SANTINI deposited all of the checks in Washington, D.C., into an account that SANTINI maintained at Bank of America. The checks were:

| Check Number | Date on Check | Amount | Date that SANTINI deposited the check |
|---|---|---|---|
| 1818 | 2/4/03 | $1,500.00 | 2/10/03 |
| 1819 | 2/11/03 | $1,500.00 | 2/10/03 |
| 1820 | 1/20/03 | $6,000.00 | 2/10/03 |
| 1821 | 1/27/03 | $6,000.00 | 2/19/03 |

17. In or about February 2003, in the District of Columbia, as set forth above, defendant DANIEL C. SANTINI did wrongfully obtain and use the property of another, that is, money belonging to S.W. and to S.W.'s Estate, with the intent to deprive the other of a right to the property and to a benefit of the property and with the intent to appropriate the property to his own use and to the use of a third person, said property having a value of over $250.

**(First Degree Theft, in violation of 22 D.C. Code §§ 3211, 3212(a))**

## COUNT 4
### Uttering a Forged Instrument

18. Paragraphs 1-7 of this Indictment are incorporated by reference as if set out in full.

19. K.C. was the executor of S.W.'s Estate.

20. In or about February 2003, shortly after S.W.'s death, SANTINI presented K.C. with

a note that was purportedly signed by S.W. and dated February 6, 2003. The note also bore the signatures of SANTINI and a witness. The note stated (underlining added, original spellings):

> Note
>
> Please let Daniel C. Santini stay in 605 and use my car until my recovery,
>
> and have power [illegible] estate in case of onforseen emergency.

21.     SANTINI added the underlined words to the note after the note had already been signed. SANTINI well knew that S.W. had not given SANTINI permission to add these words to the note.

22.     SANTINI well knew that this forged note could operate to the prejudice of S.W.'s Estate.

23.     After S.W.'s death, SANTINI presented this forged note to K.C. in order to further SANTINI's efforts to defraud and steal from S.W.'s Estate.

24.     In or about February 2003, in the District of Columbia, as set forth above, defendant DANIEL C. SANTINI did utter a forged written instrument, that is, the above-described note that contained false additions and insertions, with the intent to defraud and injure another, namely, S.W.'s Estate.

**(Uttering a Forged Written Instrument, in violation of 22 D.C. Code §§ 3241(b), 3242(c))**

## COUNT 5
### Blackmail

25.     Paragraphs 1-7 and 19 of this Indictment are incorporated by reference as if set out in full.

26.     In late February 2003, after S.W.'s death, K.C. and others went to S.W.'s apartment. SANTINI was present. As part of SANTINI's scheme to defraud and steal from S.W.'s Estate,

SANTINI demanded that K.C., the executor of the estate, pay SANTINI approximately $50,000.

SANTINI threatened that if K.C. did not pay this money, SANTINI would publicize the asserted fact

that SANTINI and S.W. had been involved in a sexual and/or inappropriate romantic relationship.

K.C. did not pay SANTINI any money.

   27.  In or about late February 2003, in the District of Columbia, as set forth above,

defendant DANIEL C. SANTINI did threaten to impair the reputation of a person, namely S.W., with

the intent to obtain property of another, that is, approximately $50,000 from S.W.'s Estate and from

K.C.

**(Blackmail, in violation of 22 D.C. Code § 3252)**


        TRUE BILL


        FOREPERSON




Attorney for the United States in
and for the District of Columbia